2013 UT App 243

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
JEREMY ANDREW GIBSON,
Defendant and Appellant.

Memorandum Decision
No. 20120129-CA
Filed October 10, 2013

Third District, West Jordan Department
The Honorable Bruce C. Lubeck
No. 101400787

Joanna E. Landau and Matthew A. Barraza,
Attorneys for Appellant
John E. Swallow and Kris C. Leonard, Attorneys
for Appellee

SENIOR JUDGE RUSSELL W. BENCH authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and
J. FREDERIC VOROS JR. concurred.[1]

BENCH, Senior Judge:

¶1    Jeremy Andrew Gibson appeals from his convictions for one count of theft by deception and one count of theft by receiving stolen property, both third degree felonies. *See generally* Utah Code Ann. § 76-6-405 (LexisNexis 2012) (defining theft by deception); *id.* § 76-6-408 (Supp. 2013) (defining theft by receiving stolen

_____

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

property); *id.* § 76-6-412 (setting penalties for theft offenses). We affirm.

¶2     Both of Gibson's convictions arise from the 2009 theft of a wedding ring belonging to Gibson's mother-in-law (Victim). On appeal, Gibson argues only that his convictions should be reversed because the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he pawned Victim's ring.[2] In reviewing an insufficiency of evidence claim, we view "the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury." *State v. Shumway*, 2002 UT 124, ¶ 15, 63 P.3d 94. "We reverse a jury verdict only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime for which he or she was convicted." *State v. Hamilton*, 2003 UT 22, ¶ 18, 70 P.3d 111 (citation and internal quotation marks omitted).

¶3     Victim testified for the State at Gibson's trial, as did an employee of Big Dog Pawn, the investigating detective, and Victim's ex-husband. Through their testimony, the State presented evidence that Gibson and his wife—Victim's daughter—lived in Victim's home during parts of 2009 and 2010 and that even when they were not living there, they had access to the house by way of

---

2. Gibson concedes that he failed to preserve his argument in the district court and asks us to review the sufficiency of the evidence under the plain error doctrine. *See State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993) ("[T]o establish the existence of plain error and to obtain appellate relief from an alleged error that was not properly objected to, the appellant must show . . . (i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful."). We resolve Gibson's plain error argument under the first prong of the plain error test by evaluating whether the district court erred in not dismissing the case for insufficient evidence.

a garage code. In December 2009, Victim discovered that several items of her jewelry, including her wedding ring, were missing from the house. After she reported the jewelry missing, police conducted a "pawn check"on Gibson and told Victim that Gibson had pawned several items at Big Dog Pawn. Victim went to Big Dog Pawn and located her wedding ring in a display case of items for sale. The pawn ticket for the ring indicated that Gibson had sold it outright to Big Dog Pawn on August 3, 2009. The State also presented physical evidence, including the recovered ring itself, photographs of Victim wearing the ring, and the pawn ticket bearing Gibson's signature and thumbprint.[3]

¶4     This is ample evidence from which the jury could reasonably have found that Gibson pawned Victim's wedding ring, and it is therefore adequate to defeat Gibson's sufficiency of the evidence argument. *See State v. Mills*, 2012 UT App 367, ¶ 40, 293 P.3d 1129 ("We will affirm a jury's verdict against a sufficiency of the evidence challenge 'if upon reviewing the evidence and all inferences that can be reasonably drawn from it, [we conclude] that some evidence exists from which a reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt.'" (alteration in original) (quoting *Hamilton*, 2003 UT 22, ¶ 41)). Nevertheless, Gibson argues that the case should not have been submitted to the jury due to insufficient physical evidence and unreliable witness testimony. We disagree.

¶5     As to the physical evidence, Gibson argues that the pawn ticket contained only a generic description of the pawned items and that the State's photographs of Victim's wedding ring were too grainy and unfocused to allow for a positive identification. Gibson argues that, in light of these deficiencies in the physical evidence, the State failed to prove that the ring presented by the State at trial

---

3. Gibson's wife testified for the defense that the rings Gibson pawned in August 2009 were actually the Gibsons' own wedding rings.

"was actually the ring that belonged to [Victim] or the ring Gibson pawned in August, 2009." However, both Victim and her ex-husband testified that the ring recovered from Big Dog Pawn and presented at trial was Victim's wedding ring. The photographic evidence was not inconsistent with this testimony, and we agree with the State that the evidentiary value of the pawn ticket was not to establish that the ring belonged to Victim but rather to establish that it was Gibson who had pawned the ring. For these reasons, we reject Gibson's argument that there was insufficient physical evidence to support his convictions.

¶6     Gibson also argues that Victim's testimony should be disregarded as inherently improbable. *See generally State v. Robbins*, 2009 UT 23, ¶ 16, 210 P.3d 288 ("Though the court must ordinarily accept the jury's determination of witness credibility, when the witness's testimony is inherently improbable, the court may choose to disregard it."). Specifically, Gibson argues that despite Victim's identification of the recovered ring as her wedding ring, her description of her wedding ring as "gold, [with] a center diamond, a round diamond with three diamonds on either side" was too generic to positively identify the recovered ring as her own. Gibson also argues that Victim's testimony about dates was inconsistent because she initially testified that she still possessed the ring in December 2009 and could ultimately only identify a six-month span from June to December 2009 during which the ring had gone missing. These alleged deficiencies in Victim's testimony notwithstanding, we cannot say that Victim's ultimate identification of the recovered ring as her missing wedding ring was either "physically impossible" or "apparently false," and we must therefore "accept the jury's determination of [Victim's] credibility." *See id.*[4]

---

4. Gibson also raises a cursory argument that the State's decision to charge Gibson only for the wedding ring theft indicates that there was insufficient evidence to pursue charges relating to other items

(continued...)

¶7     Taken as a whole, the State's evidence in this case was not so "inconclusive or inherently improbable . . . that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime[s] for which he or she was convicted." *See State v. Hamilton*, 2003 UT 22, ¶ 18, 70 P.3d 111 (citation and internal quotation marks omitted). We conclude that the district court committed no error, let alone plain error, in submitting the case to the jury. We therefore affirm Gibson's convictions.

————

4. (...continued)
of jewelry that Victim had reported as missing. Gibson argues that this supports his claims as to the weakness of the State's case in the instant matter. However, the State has "broad discretion in determining whether and in what manner to prosecute each case," *State v. Bell*, 785 P.2d 390, 402 (Utah 1989), and we see no connection between its charging decisions and the strength of the evidence in this case.